UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| William Washington, #257151, | |
| Petitioner, | C/A No. 0:05-2394-GRA-BM |
| v. | |
| Collie L. Rushton; and Henry McMaster, Attorney General of the State of South Carolina, | ORDER<br>(Written Opinion) |
| Respondents. | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed on June 6, 2006. Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The *pro se* petition was filed on August 15, 2005. Respondents filed a return and motion for summary judgment on October 13, 2005. As Petitioner is proceeding *pro se*, a *Roseboro* order was filed on October 14, 2005, advising Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner, thereafter, filed a "motion" in opposition to summary judgment on November 7, 2005. The magistrate recommends granting Respondent's motion for summary judgment and

1

dismissing this case.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general

and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed objections on June 20, 2006.

In Ground One of his petition, Petitioner contends that appellate counsel was ineffective for only filing an *Anders* brief on direct appeal. Petitioner's first objection to the Report and Recommendation essentially reargues the basis for this ground for relief. As the magistrate correctly noted, when the South Carolina Court of Appeals denied Petitioner's appeal, the merits of the appeal were reached. To establish the necessary prejudice prong of an ineffective assistance of counsel claim, Petitioner would have to show that the South Carolina Court of Appeals would have found prejudicial error warranting reversal of his conviction and/or sentence if appellate counsel had not filed an *Anders* brief. *See Tisdale v. State*, 594 S.E.2d 166, 167 (S.C. 2004).

Petitioner cannot show the required prejudice because the South Carolina Court of Appeals, which was obligated under *Anders* to conduct a full examination of the record on its own to determine whether a meritorious issue existed, denied the appeal. *See State v. McKennedy*, 559 S.E.2d 850, 854-55 (S.C. 2002). The magistrate was correct in finding that because the merits of the appeal were reached, the Petitioner has

3

not shown prejudice due to his appellate counsel filing an *Anders* brief.  Therefore, this objection is without merit.

Secondly, Petitioner objects to the magistrate's finding that Ground II of the petition (Ineffective Assistance of Trial Counsel) was not raised in the PCR appeal, precluding federal habeas review of this claim absent a showing of cause and prejudice, or actual innocence.  While the Court is not clear as to the Petitioner's argument in support of this objection, it appears to the Court that Petitioner argues that his cause for not addressing this claim in his PCR appeal results from his trial counsel having been released as a witness in the original PCR hearing before Petitioner could confront him on the claim for ineffective assistance of trial counsel.  However, the record reflects that this claim was brought before the PCR court at the hearing by Petitioner's appointed counsel, and that Petitioner's trial counsel, Jack Lawson and John Jepertinger, were questioned at the PCR hearing by Petitioner's appointed counsel and by counsel for the State.  Mr. Lawson, was released as a witness by the PCR court only after counsel for both parties to the PCR were satisfied with their questioning. Furthermore, the record reflects that the PCR court dismissed this claim based upon that evidentiary hearing.  There is no evidence to support Petitioner's contention that the questioning, or alleged lack of questioning, of Mr. Lawson at the PCR hearing precluded Petitioner from asserting this claim at the PCR appeal. Based on the record, Petitioner has failed to show the required cause and prejudice for failing to assert this claim in the PCR appeal.  *See Wainwright v. Sykes*, 433 U.S. 72 (1977); *Waye v.*

4

*Murray*, 884 F.2d 765 (4th Cir. 1989), *cert. denied*, 492 U.S. 936 (1989).  Therefore, this objection is without merit.

Lastly, Petitioner objects to the magistrate's finding that Ground III of the petition (Trial Court gave erroneous jury instructions) "does not set forth a cognizable claim for federal habeas corpus relief."  Mag. Rep. and Rec. at 9.  In support of his objection, it appears to the Court that Petitioner argues that he did not raise this claim in the PCR appeal because of the PCR ruling denying the claim as an appellate issue not properly before the PCR court.  This argument does not address the magistrate's reasoning for recommending dismissal of Ground III of the petition.  The magistrate correctly found that, "the question of whether a jury charge is given was adequate or appropriate is a state law issue to be resolved by the state court.  It is not the province of a federal habeas corpus court to reexamine state court determinations of state law questions.  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ['federal habeas corpus relief does not lie for errors of state law.']; *Shepler v. Evans*, No. 99-7021, 1999 WL 542885 at **2 (10th Cir. 1999), *cert. denied*, 528 U.S. 1077 (2000)."  Mag. Rep. and Rec. at 9.  As Petitioner's objection does not address an error in this finding, this objection is without merit.

After a review of the magistrate's Report and Recommendation and Petitioner's objections thereto, this Court finds the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Respondents' motion for summary judgment

be GRANTED and the petition for writ of habeas corpus be DISMISSED without an evidentiary hearing.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

July  13 , 2006.

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days after the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.